IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL O'HALLARON, and <br> CHRISTINA O'HALLARON, <br><br> Plaintiffs, <br><br> vs. <br><br> GEICO CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 20-CV-1370-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Geico Casualty Company's Motion for Summary Judgment on Counterclaim for Declaratory Judgment (Doc. 24). Geico seeks summary judgment as to Count I of its Counterclaim (Doc. 10) and a declaratory judgment in its favor adjudicating that the $300,000 UIM limits under Geico Policy No. 4367-04-25-06 do not stack and therefore, the UIM policy limits available for Plaintiffs' combined claims are $300,000/$300,000. Plaintiffs Daniel O'Hallaron and Christina O'Hallaron filed a response opposing the motion (Doc. 46), and Geico replied (Doc. 49). For the following reasons, the motion is **GRANTED**.

### Background

Plaintiffs Daniel O'Hallaron and Christina O'Hallaron filed a two-count Complaint against their motor vehicle insurance company, Geico, in the Third Judicial Circuit Court, Madison County, Illinois, asserting claims for breach of contract and vexatious delay (Doc. 1-2). Geico subsequently removed the case pursuant to this Court's diversity jurisdiction (Doc. 1). See, 28 U.S.C. § 1332(a).

The following material facts are undisputed unless otherwise noted: on or about November 8, 2017, Plaintiff Daniel O'Hallaron was operating his motor vehicle in the southbound lane of Highway 157 when a vehicle being operated by Darian A. Woods rear-ended Daniel O'Hallaron's vehicle, injuring him (Doc. 1-2, ¶¶ 8-15). Plaintiffs believed that Woods' liability insurance coverage was insufficient to compensate them for their injuries and losses and sought additional coverage through the underinsured motorist provisions of their Geico automobile insurance policy (Doc. 1-2, ¶¶ 33-39).

Geico issued Illinois Family Automobile Insurance Policy No. 4367-04-25-06 ("the Policy") to Plaintiffs, which was in effect on the date of the accident (Doc. 24-1). The Policy's declarations page lists Plaintiffs' four vehicles, "Underinsured Motorist Coverage Each Person/Each Occurrence" with limits of "$300,000/$300,000" (Doc. 24-1, p. 2), and includes an endorsement for Underinsured Motorist Coverage:

> **Your** policy provisions are amended as follows:
>
> With respect to such insurance as is afforded by the policy for damages because of **bodily injury** caused by accident and arising out of the ownership, maintenance, or use of an **uninsured motor vehicle** the definition of **uninsured motor vehicle** is amended to include **underinsured motor vehicle**, subject to the following provision:
>
> 1. The limits of liability for this insurance as shown in the declarations shall be the total limit of the company's liability for all damages because of **bodily injury** as the result of any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an accident arising out of the ownership, maintenance or use of an **underinsured motor vehicle**, less those amounts actually recovered under the applicable bodily injury insurance policy, bonds or other security maintained on the **underinsured motor vehicle**.
>
>     \* \* \*
>
> 5. The maximum amount payable under this coverage is the **Underinsured Motorists Coverage** limit less the amount actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the **underinsured motor vehicle**.

(Doc. 24-1, p. 28).

**Discussion**

Geico argues that it is only obligated to provide $300,000 of coverage for Plaintiffs' combined claims based on the "anti-stacking" language in the Policy. Plaintiffs maintain that the "anti-stacking" language must be read in conjunction with the declarations page which creates sufficient ambiguity precluding summary judgment because it "reasonably leads the reader to believe that the policy limit indeed applies 'separately' to each auto identified in the Declarations Page". (Doc. 46, p. 11).[1]

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

Illinois law interprets insurance policies like contracts, with the "primary objective" to "ascertain and give effect to the intention of the parties, as expressed in the policy language." *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). The Illinois Supreme Court has repeatedly enforced anti-stacking clauses, noting that regardless of the number of covered vehicles listed on the declarations page, the liability limits were only listed once and the anti-stacking clauses tied the limit of liability to the limit shown on the declarations pages. See, *Hobbs* at 20; *Bruder v. Country Mutual Ins. Co.*, 156 Ill. 2d 179, 192 (1993); and *Hess v. Estate of Klamm*, 2020 IL 124649, ¶ 21.

---

[1] Plaintiffs also argue that Daniel O'Hallaron's review of the Policy and his interactions with Geico support a reasonable belief that underinsured motorist coverage could be stacked (Doc. 46, p. 13).

Similarly, the Geico policy endorsement provides, "The limits of liability for this insurance as shown in the declarations shall be the total limit of the company's liability for all damages because of **bodily injury** as the result of any one accident" (Doc. 24-1, p. 28), the declarations page lists the limit for underinsured motorist liability once – " $300,000/$300,000", followed by separate premiums for each vehicle (Doc. 24-1, p. 2), and the anti-stacking language specifically states that this shall be the liability for any one accident "regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy" **(**Doc. 24-1, p. 28). The interactions between Daniel O'Hallaron and Geico and his belief that the policy limits could be stacked do not alter the bottom line; the policy language is determinative.

The Policy's anti-stacking language is unambiguous and enforceable. As such, the UIM policy limits available for Plaintiffs' combined claims are $300,000/$300,000. Defendant Geico Casualty Company's motion for summary judgment is **GRANTED** as to Count I of its Counterclaim. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:  June 9, 2022**

**STACI M. YANDLE**
**United States District Judge**